The opinion of the Court was delivered by
RICHARDSON, J.
Upon the specific grounds taken in the brief, there is some difference of opinion; and the Court has come to no absolute conclusion. But the nonsuit is unanimously supported upon the position taken by the defendant’s counsel, that the sheriff could not sell personal property, unless before reduced to his actual possession and;[1] therefore, the sale to J. Hogan was void, and so the plaintiff had no title to the negro.
The levy under an execution presupposes actual contact with, and taking possession of, the thing levied upon. The sheriff is bound to make some general estimate of the value of it. He must not be extravagant. To take two oxen for a penny, would subject him to an action. See Ven. exp. capias, and fi. fa. Jac. Law Hie. 11 Yin. 12. 3 Black, 411. His discretionary power being very great, is a very great reason why he must not be authorized to abuse so high a trust.
He must not, on the contrary, take too little, when it is in his power to take enough, lest the opportunity should not recur, and the plaintiff lose his claims. The levy, too; is payment prima facie, and the thing levied on must be resigned or disposed of before further satisfaction can be had. How abundantly necessary, then, that the sheriff should not only see and examine the property, but actually keep it.
If the sheriff is not obliged to exhibit the article he offers for sale, fraud, collusion, and uncertainty, would too easily follow.
A farmer, on the highway, going to market, might have his team, wagon, and the contents, all levied upon, without knowing that the man whom he had fallen in with, for a moment, was a sheriff. He might proceed to town, sell his flour, and then he and the purchaser discover that the sheriff had already disposed of the whole, under his hammer. A planter who had *actually provided cash to pay the sheriff whenever he should call to make a levy, might have every negro and imple- '- ment of his plantation claimed under the sheriff’s bill of sale, while he was yet wondering why that officer had not called to receive the money due.
Miller', for the motion. De Saussure, contra.
The collusion between the sheriff and either party might be endless ; for instance, with the plaintiff, to purchase the defendant’s property for a trifle, which could be easily done when he was ignorant of the sale, and his property absent; or, on the other hand, by a deceitful compact with the defendant, that he might have it purchased in, upon his own terms, to the injury of his creditor. And what uncertainty, too, as to the property, would follow afterwards. Why are these sales required to be made before the public ? Simply, that every one may bid, and every bidder see for what he bids. But let the property be absent, and the end is lost. If the sheriff do not both hold possession, at least command the possession before, and exhibit the article at the sale, who can tell for what he bids, or afterwards know what he has purchased ? For example, a bay horse is sold, but whether the bay coach horse, or the bay riding horse, of defendant, or his bay, turned out to pasture, as antiquated and useless, who can tell?’ Negro Jenny is sold ;.but whether Jenny the cook, Jenny the child, or Jenny the grandmother, the sheriff himself could not tell, unless accidentally acquainted with all the Jennys.
Again, the custom, ever to be regarded, has been immemorially to exhibit at those sales, as at auctions generally, the property to be sold, except lands. But lands may be always examined beforehand by every one, and cannot be hidden, from the previous view of the bidder; and therefore need not, as of necessity they cannot, be adduced at the sale.
This custom is well enforced by the rule of this Court, which requires that sheriff’s sales shall be at the court-houses, except in a few instances, wherein it would be inconvenient to remove the property, as furniture, -j-oQKi &c.; but, in these, the sheriff is required to go* to the place where J the things are kept, and shall so sell them.
I conclude, then, that this is an explicit instance, that “ via trita eat via tuta and that should we leave the beaten track, we may go wide astray, and not more from the usage than from safety, certainty and justice.
The motion is, therefore, dismissed.
CoicocK, Nott and Huger, JJ., concurred.

 Dud. 65.